James P. Keenley (CA State Bar No. 253106)
Emily A. Bolt (CA State Bar No. 253109)
Brian H. Kim (CA State Bar No. 215492)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| Ervan Darnell, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT (ERISA)** |
| v. | ) |
| Metropolitan Life Insurance Company, | ) |
| Defendant. | ) |

## INTRODUCTION

1. This case challenges Defendant Metropolitan Life Insurance Company's ("Metropolitan's") denial of Plaintiff Ervan Darnell's claim for long-term disability benefits under the welfare benefit plan sponsored by Google, Inc. (the "Plan"); long-term disability benefits under the Plan are underwritten and administered by Metropolitan. Plaintiff was and is disabled under the terms of the Plan and is entitled to retroactive and ongoing benefits under the Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco / Oakland division because Plaintiff resides in this division and a substantial portion of the events and omissions giving rise to Plaintiff's claim occurred within this division.

## PARTIES

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer. Defendant Metropolitan administered claims for long-term disability benefits under the Plan and paid the long-term disability benefits due under the Plan pursuant to a group insurance policy bearing policy number 119114-1-G.

## FACTS

7. At all relevant times the Plan offered, among other things, disability benefits to employees of Google, Inc., including Plaintiff, provided that an employee could establish that he was disabled within the meaning of the Plan.

8. Plaintiff has been disabled within the meaning of the Plan since May 29, 2015, due to severe fatigue and excessive daytime somnolence caused by sleep apnea and other sleep disorders that have been diagnosed in multiple extensive sleep studies. Plaintiff is unable to stay awake and to sustain his focus and concentration during the day, and his sleep problems have had a profoundly negative effect on his life. Plaintiff also suffers from significant depression and anxiety. Plaintiff has been approved for Social Security Disability Insurance benefits.

9. When Plaintiff first became unable to work, he filed a timely claim for benefits under the Plan. His claim was initially approved and paid for over a year.

10. By letter dated September 29, 2016, Defendant terminated Plaintiff's long-term disability benefits.

11. Plaintiff submitted a timely appeal of the September 29, 2016 adverse benefit determination. Defendant denied Plaintiff's appeal by letter dated June 7, 2017.

12. Plaintiff has exhausted his administrative remedies under the Plan.

13. Plaintiff remains disabled to this day and has no prognosis for regaining the ability to work.

14. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff suffered damages in the form of unpaid disability benefits, interest thereon, and attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

15. Plaintiff incorporates Paragraphs 1 through 14 as though fully set forth herein.

16. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

17. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff became and remains entitled to disability benefits under the Plan.

18. By denying Plaintiff's claim for benefits, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.  Defendant's refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion.  At all material times herein, Defendant failed and refused to honor the terms of the Plan.

19. As a proximate result of Defendant's actions, Plaintiff has been deprived of his benefits to which he was and is entitled and has suffered damages as set forth above.  Plaintiff further seeks a declaration as to his entitlement to future disability benefits, as follows:  an injunction prohibiting Defendant from terminating or his disability benefits until the end of the maximum benefit period or until the evidence shows that Plaintiff has recovered from his disabling condition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant pay Plaintiff's past benefits owed under the terms of the Plan through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future benefits under the terms of the Plan;

D. Issue an injunction requiring Defendant to issue monthly benefit payments until Plaintiff reaches the maximum benefit duration or until such time as the evidence demonstrates that Plaintiff is not disabled within the meaning of the Plan;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

F. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: July 13, 2017        BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff